**YARHOLA et al. v. STROUGH.**

No. 8253—Opinion Filed June 6, 1917.

Rehearing Denied July 24, 1917.

(166 Pac. 729.)

(Syllabus by the Court.)

1. **Indians—Appointment of Guardians—Jurisdiction of County Courts.**

The county courts of the state have jurisdiction to appoint guardians for the person and estate of incompetent full-blood Creek Indians.

2. **Same—Incompetency of Indian Ward—Sufficiency of Evidence.**

Record examined, and held that the evidence reasonably supports the findings of the trial court as to the incompetence of the plaintiff in error herein.

Error from District Court, Okfuskee County; George C. Crump, Judge.

Motion in county court by Lessey Yarhola, an incompetent, and the United States of America, to discharge Fred L. Strough as guardian of the incompetent. From a judgment of the district court affirming the action of the county court overruling the motion, movants bring error. Affirmed.

Rossiter & Wright and F. L. Montgomery, for plaintiffs in error.

C. T. Huddleston, Thos. H. Owen, Joseph C. Stone, and Alvin F. Molony, for defendant in error.

KANE, J. This is an appeal from the action of the district court of Okfuskee county. The proceeding in error is commenced for the purpose of reviewing the action of the trial court in affirming the action of the probate court of said county in overruling a motion to discharge Fred L. Strough, the defendant in error herein, as guardian of the person and estate of Lessey Yarhola, a full-blood Creek Indian girl, enrolled opposite Creek roll No. 4975.

It seems that Lessey Yarhola received her allotment of 160 acres in what is now the Cushing oil field; that her allotment is very rich in oil, and, being restricted land, the Secretary of the Interior approved an oil and gas lease therefor from which the allottee is entitled to receive large sums of money as royalties. The county court of Okfuskee county found Lessey Yarhola to be an incompetent person, and appointed Fred L. Strough her guardian. Thereafter Lessey Yarhola filed a verified petition in the county court, alleging in substance that she was not then, and never had been, an incompetent person, and that, if she ever had been incompetent, she was fully restored to competency at the time said petition was filed. Thereafter the county court denied said petition, and upon appeal to the district court this action was affirmed. The competency and fitness of Mr. Strough to act as guardian in this matter is not questioned; counsel for plaintiff in error confining themselves to two grounds for reversal which they state in their brief as follows:

"(1) The guardian should have been discharged, because Lessey Yarhola is a ward of the federal government, and the county court has no jurisdiction to appoint a guardian.

"(2) The guardian should have been discharged, because Lessey Yarhola is not an incompetent and has more than the average intelligence of an adult full-blood Indian, as is conclusively shown by the evidence."

In support of their first contention counsel cite many cases to the effect that the relation of a full-blood Creek Indian to the United States resembles that of a ward to his guardian, and argue from this, if we understand counsel's position correctly, that inasmuch as the United States occupies the relation of guardian toward Lessey Yarhola, the county court had no jurisdiction to appoint another guardian for her. We are unable to agree with the conclusion reached by counsel. Whilst it is quite true that these full-blood Indians are yet wards of the Nation in the sense stated by the cases cited, yet the guard-

ianship which the government has maintained over them must necessarily be performed through such instrumentalities or persons as provided for by the Congress. In this jurisdiction these duties are in the main, if not quite wholly, are intrusted to the Secretary of the Interior and the county courts of the state.

No useful purpose can be subserved by reviewing at length the various acts of Congress which authorize the county courts of the state to appoint guardians for incompetent Indians. It is sufficient to say on this point that there are many of them, and their purpose and import is so clear that a casual reading of them settles definitely the question in favor of jurisdiction.

There are many essential duties which may be performed by the guardian for a ward in the condition of Lessey Yarhola that do not in the slightest degree conflict with any duty toward her which by law is to be performed by the Department of the Interior. The Department of the Interior has never been directly charged with the duty of caring for the estate of minors or incompetents or their education or maintenance. Such duties as these have always been performed by guardians appointed by the state or territorial courts. It seems quite clear to us that Congress has expressly authorized the county courts of the state to appoint guardians for full-blood Creek incompetents, and we are unable to see any inconsistency between the exercise of this power by the state courts and the general guardianship of the government. The scope of the duties and authority of a guardian appointed for incompetent Indians by the county court not being involved herein, we do not attempt to determine the same, or define the zone within which he may act without coming in conflict with the authority of the Secretary of the Interior.

Upon the question of the competency of Lessey Yarhola it is sufficient to say that we have examined the record very carefully, and believe the findings of the county and district court on that question are sufficiently supported by the evidence. As we have said before, an honest and efficient guardian can be of great benefit and assistance to Lessey Yarhola, not only in the matter of her personal care and education, but in the preservation and care of her large estate. As the fitness of Mr. Strough to perform these important duties is not questioned in this proceeding, we will assume that he possesses the desired qualifications for performing these duties.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur, except OWEN, J., disqualified.